# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **BRIAN D. FISHER,** | : |
| Plaintiff, | : Civil Action Number: |
| vs. | : <u>Jury Trial Demanded</u> |
| **CITY OF UNION CITY, GEORGIA,** | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Brian D. Fisher, by and through the undersigned counsel, brings this Complaint against the City of Union City, Georgia (hereafter "Union City") and pleads as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et seq*.) (hereinafter "the FLSA") to recover due but unpaid overtime compensation and an additional amount as liquidated damages and to be reimbursed for his costs of litigation, including his reasonable attorneys' fees.

2.

In addition to his federal causes of action, Plaintiff also brings state law claims (i.e., breach of contract and promissory estoppel) which arise out of the same core of operating facts as the federal cause of action.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b), 28 U.S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. §1391 because Union City is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

5.

Plaintiff is a citizen of the United States and of the State of Georgia and resides within Carroll County, Georgia.

6.

Union City is a municipal corporation organized under the Constitution and laws of the State of Georgia.

7.

At all times material hereto, Union City has been an "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C), 29 U.S.C. §203(s)(1)(C).

8.

At all times material hereto, Union City has been a "public agency" as defined in FLSA §3(x), 29 U.S.C. §3(x).

9.

At all times material hereto, Union City has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d).

10.

At all times material hereto, Plaintiff has been employed by Union City as a fire fighter with the Union City Fire Department.

11.

At all times material hereto, as a fire fighter for Union City, Plaintiff has performed such work as preventing, controlling or extinguishing fires and rescuing fire, crime or accident victims within the meaning of 29 CFR §541.3(b)(1).

12.

At all times material hereto, Plaintiff has been classified by Union City as exempt from the overtime protections set for in FLSA § 7, 29 U.S.C. § 207(k).

13.

At all times material hereto, Plaintiff has been entitled to the maximum hour protections as set forth in FLSA § 7, 29 U.S.C. § 207(k).

14.

At all times material hereto, Plaintiff has been entitled to compensation at one and one half times his regular rate for all work time in excess of 212 hours in each 28-day work period.

15.

At all times material hereto, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

16.

At all times material hereto, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

## COUNT I FAILURE TO PAY OVERTIME COMPENSATION

17.

The allegations contained in the paragraphs above are incorporated by reference as if fully set out herein.

18.

At all times material hereto, Plaintiff regularly worked as a Union City fire fighter in excess of 212 hours in each 28-day working period.

19.

Union City failed to pay Plaintiff compensation at one and one half times his regular rate for work performed in any 28-day work period during the three years immediately preceding the initiation of this action.

20.

Union City willfully failed to pay Plaintiff compensation at one and one half times his regular rate for work performed in any 28-day work period during the three years immediately preceding the initiation of this action.

21.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA §16 (b), 29 U.S.C. §216(b).

Case 1:13-cv-01875-MHS   Document 1   Filed 06/04/13   Page 6 of 11

22.

Plaintiff is entitled to liquidated damages in addition to the overtime compensation alleged above in accordance with FLSA §16 (b), 29 U.S.C. §216(b).

23.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II - BREACH OF CONTRACT**

24.

The allegations contained in the paragraphs above are incorporated by reference as if fully set out herein.

25.

At all times material hereto, Plaintiff and Union City have been parties to a contract of employment ("hereafter the Contract").

26.

Up until January 2010, the Contract provided that Union City would provide Plaintiff additional paid time off, referred to as "Flex Time" as compensation for time worked in excess of 212 hours in a 28-day work period.

27.

In January 2010, Union City cancelled the Flex Time portion of the Contract.

28.

At the time Union City cancelled the Flex Time portion of the Contract, it owed Plaintiff for forty hours of Flex Time that Plaintiff had previously accrued.

29.

Union City has failed and refused to compensate Plaintiff for Flex Time that he accrued prior to its cancellation of the Flex

30.

Union City's failure to compensate Plaintiff for Flex Time that he accrued prior to its cancellation of the Flex Time portion of the Contract constitutes a material breach of contract.

31.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

### COUNT III - PROMISSORY ESTOPPEL

32.

The allegations contained in paragraphs above are incorporated by reference as if fully set out in this paragraph.

33.

At all times prior to January 2010, Union City promised to compensate Plaintiff with Flex Time as compensation for time worked in excess of 212 hours in each 28-day work period.

34.

Union City should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., perform work in excess of 212 hours in 28-day work periods.

35.

Union City's promise induced Plaintiff to act in reliance thereof, i.e., perform work in excess of 212 hours in 28-day work periods, to his detriment.

36.

Plaintiff's work in excess of 212 hours in 28-day work periods conferred a benefit on Union City.

37.

Union City failed to provide Plaintiff with accrued Flex Time in accordance with its promise.

38.

Plaintiff relied on Union City's promise.

39.

Plaintiff's reliance on Union City's promise was reasonable.

40.

Injustice can only be avoided by enforcement of Union City's promise.

41.

Plaintiff is entitled to a recover from Union City the reasonable value of the services he provided in excess of 212 hours in 28-day work periods prior to its cancellation of the Flex Time portion of the Contract.

**WHEREFORE,** Plaintiff respectfully prays:

1. That Plaintiff's claim be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an

additional like amount in liquidated damages due, plus prejudgment interest thereon;

3. That Plaintiff be awarded the reasonable value of the Flex Time head accrued prior to the cancellation of the Flex Time portion of the Contract;

4. That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees and costs from Defendant; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

***DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC***

/S/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

/S/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

**COUNSEL FOR PLAINTIFF**